UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
RICHARD LEVY,

                        Plaintiff,

      v.

UNUMProvident Corporation, First UNUM
Life Insurance Company, and the JP Morgan
Chase Bank Long Term Disability Plan,

                        Defendants.
---------------------------------------------------------x

COMPLAINT

Civil Action No.

        Plaintiff, RICHARD LEVY, by his counsel, *Fusco, Brandenstein & Rada, P.C.*, complaining of defendants, alleges as follows:

        1.    This action is governed by the Employee Retirement Income and Security Act of 1974 ["ERISA"], as amended, 29 U.S.C. §§ 1001 *et seq.*, specifically under 29 U.S.C. §1132(a)(1)(B), since RICHARD LEVY is a "participant," as defined by 29 U.S.C. § 1002(7), seeking to enforce his rights to recover benefits under group plans sponsored by his former employer, which thus raises a federal question, and comes under the federal question jurisdiction of this Court, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(i).

        2.    RICHARD LEVY resides at 534 North 12th Street, New Hyde Park, New York 11040-4267, and is a citizen of the State of New York.

        3.    First UNUM Life Insurance Company ["First UNUM"] is the insurer for the JP Morgan Chase Bank Long Term Disability Plan ["the Plan"] and issued a group long term disability ["LTD"] benefits Policy, No. 561285 ["the Policy"], to JP Morgan Chase Bank ("the policyholder" and "Plan Administrator") for the benefit of its participating employees, including RICHARD LEVY, on January 1, 2002.

4. First UNUM's address, as shown in the Policy, is 99 Park Avenue, 6th Floor, New York, New York 10016, within the Southern District of New York.

5. The address for the Plan and the Plan Administrator, as shown in the Policy, is One Chase Manhattan Plaza, New York, New York 10005, also within the Southern District of New York.

6. While First UNUM is the insurer of the Plan, claims processing, determinations, and claim management is performed by its corporate parent, UNUMProvident Corporation, pursuant to a "General Services Agreement" between them.

7. UNUMProvident Corporation's headquarters, as shown on its annual registration statement with the New York State Insurance Department, is located at 1 Fountain Square, Chattanooga, Tennessee 37402.

8. UNUMProvident Corporation does business within the Southern District of New York, which thereby provides sufficient minimum contacts, as contemplated by International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), to confer *in personam* jurisdiction.

9. Venue is proper in the United States District Court for the Southern District of New York pursuant to 29 U.S.C. § 1132(e)(2) because that is "where a defendant resides or may be found" and likewise pursuant to 28 U.S.C. § 1391(c) because "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

10. The Plan is an "employee welfare benefits plan," as defined by 29 U.S.C. § 1002(1) and may be sued as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

11. RICHARD LEVY was employed by JP Morgan Chase Bank as a project manager for various computer software programs, commenced employment on or about July 1994, and stopped working when he became disabled on May 3, 2003.

12. UNUMProvident approved benefits by letter dated January 29, 2004, commencing with the month beginning October 30, 2003 (which followed the Policy's 180-day elimination period).

13. By letter dated December 14, 2004, the Social Security Administration advised that RICHARD LEVY was entitled to disability benefits.

14. UNUMProvident terminated benefits effective April 18, 2006 by letter dated April 19, 2006, explaining that mental illness may not be a basis for entitlement after 24 months and no physical impairment precluding sedentary employment had been established.

15. On October 3, 2006, RICHARD LEVY requested a 45-day extension of time, beyond the 180 days provided in UNUMProvident's termination letter, to submit additional documentation in furtherance of his impending appeal.

16. By letter dated October 5, 2006, UNUMProvident denied any extension, saying: "Please be advised we do not provide extensions beyond the 180 days to appeal a disability claim."

17. On October 10, 2006, RICHARD LEVY responded that, in fact, UNUMProvident had granted an extension to another claimant submitting appeal and appended their redacted letter to prove it.

18. On October 12, 2006, RICHARD LEVY submitted his appeal with supporting documentation and requested review of the decision to terminate his benefits.

19. On October 13, 2006 UNUMProvident responded to RICHARD LEVY's correspondence of October 10, 2006: "Each claim is reviewed on its own merits and we are not obligated to provide an extension beyond the 180 days to file an appeal."

20. By letter dated October 19, 2006, UNUMProvident acknowledged receipt of the October 12, 2006 appeal.

21. By letter dated November 27, 2006, UNUMProvident wrote to advise "we need an extension of up to 45 days to make a decision on your client's claim appeal" and cited as a basis the need to obtain RICHARD LEVY's file from the Social Security Administration.  UNUMProvident further indicated that obtaining RICHARD LEVY's authorization to contact the Social Security Administration "is necessary for us to complete our appellate review."

22. UNUMProvident had the Notice of Award from the Social Security Administration of December 14, 2004 on file by December 23, 2004, but did not ask RICHARD LEVY for authorization to contact the Social Security Administration prior to terminating his LTD benefits on April 19, 2006.

23. The extension requested by UNUMProvident was not "necessary due to matters beyond the control of the plan," as required by 29 C.F.R. § 2560.503-1(f)(3), and the 45-day period allowed by ERISA regulations for UNUMProvident's decision on the appeal lapsed no later than December 4, 2006.

24. RICHARD LEVY's request for appeal may be deemed denied and, accordingly, he has exhausted administrative remedies.

25. UNUMProvident's decision to terminate benefits was arbitrary and capricious and not based upon a preponderance of the evidence.

26. UNUMProvident has not proffered any additional medical evidence to RICHARD LEVY which it may have obtained and/or considered following submission of the appeal.

27. The evidence of record proves that RICHARD LEVY is entitled to continuing LTD benefits under the Plan, so his benefits should be reinstated.

WHEREFORE, plaintiff RICHARD LEVY requests Judgment against defendants to:

(a) pay him $3,603.27 per month (the net benefit he was receiving following offset by Social Security disability benefits) from April 19, 2006 to date and for so long as he shall remain disabled under the Plan;

(b) pay pre-judgment interest at the prevailing legal rate on retroactive sums due and owing since December 4, 2006, that is 45 days after defendants' acknowledgment of receipt of plaintiff's appeal with supporting documentation – *See* Dobson v. Hartford Financial Services Group, Inc., 196 F.Supp.2d 152 (D.Conn. 2002); Dunnigan v. Metropolitan Life Ins. Co., 277 F.3d 223 (2d Cir. 2002);

(c) pay for court and other costs borne by plaintiff in maintaining this action;

(d) pay for plaintiff's reasonable attorney fees pursuant to 29 U.S.C. § 1132(g)(1); and

(e) any other relief which may seem just and proper.

Dated: Woodbury, New York
       December 14, 2006

                        Yours,

                        Fusco, Brandenstein & Rada, P.C.
                        Attorneys for Plaintiff
                        180 Froehlich Farm Boulevard
                        Woodbury, New York 11797
                        (516) 496-0400

                        By:   /s/_____
                            Aba Heiman, Esq. (AH-3728)